**Shavon Anthony WALKER, Jr.,**
**Petitioner–Appellant,**

v.

**M. YARBOROUGH, Warden,**
**Respondent–Appellee.**

**No. 05–56662.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2007.

Filed May 22, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Davina T. Chen, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

April S. Rylaarsdam, Esq., J. Michael Lehmann, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: NOONAN, KLEINFELD, and PAEZ, Circuit Judges.

## MEMORANDUM *

Shavon Anthony Walker was convicted by a Los Angeles Superior Court jury of five counts of second degree robbery. During jury selection, Walker objected to the Los Angeles County Deputy District Attorney's use of a peremptory challenge to dismiss the one African–American potential juror in the venire. The trial court denied Walker's *Batson/Wheeler* motion

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and on April 18, 2001, the California Court of Appeal affirmed.[1] Walker then filed this petition for a writ of habeas corpus in federal district court claiming that the prosecutor's peremptory strike violated the Equal Protection Clause of the Constitution. *Batson*, 476 U.S. 79, 106 S.Ct. 1712. After holding an evidentiary hearing, the district court denied Walker's habeas petition on the grounds that the prosecutor presented a credible, race-neutral explanation for the peremptory strike. We have jurisdiction under 28 U.S.C. § 1291 and now affirm.

We review de novo the district court's decision to deny Walker's petition for a writ of habeas corpus, but review any factual findings for clear error. *Frierson v. Woodford*, 463 F.3d 982, 988 (9th Cir.2006); *Fernandez v. Roe*, 286 F.3d 1073, 1076 (9th Cir.2002). We give "great deference" to the district court's determination whether the peremptory challenge constituted purposeful discrimination because it turns on the district court's evaluation of the credibility of the prosecutor's race-neutral explanation. *United States v. Chinchilla*, 874 F.2d 695, 697–98 (9th Cir.1989); *see also United States v. You*, 382 F.3d 958, 968 (9th Cir.2004). Assuming without deciding that the state court applied the incorrect legal standard in reviewing Walker's *Batson* claim, we review the claim de novo. *Williams v. Runnels*, 432 F.3d 1102, 1105 (9th Cir.2006); *Wade v. Terhune*, 202 F.3d 1190, 1195 (9th Cir.2000).

Even reviewing Walker's claim de novo, it fails under *Batson's* three-step inquiry. Even if Walker made a prima facie showing of racial discrimination when the prosecutor struck the only African–American potential juror on the venire, the prosecutor provided a credible, race-neutral expla-

1. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); *People v. Wheeler*, 22 Cal.3d 258, 148 Cal.Rptr. 890, 583 P.2d 748 (1978).

nation for striking the potential juror. *See Rice v. Collins,* 546 U.S. 333, 126 S.Ct. 969, 973–74, 163 L.Ed.2d 824 (2006) (citing *Batson,* 476 U.S. at 96–98, 106 S.Ct. 1712); *Johnson v. California,* 545 U.S. 162, 173, 125 S.Ct. 2410, 162 L.Ed.2d 129 (2005); *Fernandez,* 286 F.3d at 1080; *Chinchilla,* 874 F.2d at 698.

The prosecutor testified that he struck the potential juror because his brother and brother-in-law had been convicted of "strong-armed" robbery and his nephew sent to youth correctional services. These associations by blood and marriage with convicted criminals constitute a proper reason for the potential juror's exclusion. *See United States v. Vaccaro,* 816 F.2d 443, 457 (9th Cir.1987) *overruled on other grounds by Huddleston v. United States,* 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988). The district court did not err in finding this explanation credible where the reasons for striking the juror were clear, specific, and supported by the record. *See Mitleider v. Hall,* 391 F.3d 1039, 1050 (9th Cir.2004).

We AFFIRM.